IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 12-cv-03341-LTB-MJW

Eugene Foster,
Robert Fisk,

Plaintiffs,

v.

Mountain Coal Company, LLC,
Arch Western Resources, LLC,
Arch Coal, Inc.,

Defendants.

---

## STIPULATED PROTECTIVE ORDER [Docket No 27-1]

Upon consideration of the parties' Joint Motion for Entry of Stipulated Protective Order, and it appearing to the Court that sufficient cause exists under F.R.C.P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Defendants' current or

former employees or the Plaintiffs and confidential and proprietary business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. the parties, and designated representatives for the entity defendants;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees ("Court Personnel");

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses; and

    h. other persons by written agreement of the parties.

5. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.  Prior to designating any information as CONFIDENTIAL under this Protective Order, counsel for the producing party shall review the information to be disclosed and designate the information it believes in good faith is CONFIDENTIAL or otherwise entitled to protection. Any party that wishes to file CONFIDENTIAL information with the Court must move the Court to file such information under Restricted Access [~~seal~~] pursuant to D.C.COLO.LCivR 7.2.   *MJW-13 7-8-13*

8.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In

connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. The parties shall meet and confer in good faith with respect to any issues regarding the disclosure or potential disclosures of CONFIDENTIAL information through Court filings or at any hearings or trial in this matter, with the goal of minimizing, to the extent practicable, the public disclosure of CONFIDENTIAL information.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall, upon request, be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

Dated: July 8th, 2013.

By the Court:

/s/ Michael J. Watanabe
Hon. Michael J. Watanabe
United States Magistrate Judge

4

So Stipulated:

| | |
|---|---|
| /s/ J. Keith Killian | /s/ Jeffrey T. Johnson |
| J. Keith Killian, Esq. | Jeffrey T. Johnson, Esq. |
| Damon J. Davis, Esq. | Alyssa K. Yatsko, Esq. |
| Killian Davis Richter & Mayle, P.C. | Holland & Hart, LLP |
| 202 North Seventh Street | 555 Seventeenth Street, Suite 3200 |
| Grand Junction, CO 81502 | Denver, CO 80202 |
| Phone: (970) 241-0707 | Phone: (303) 295-8019 |
| Fax: (970) 242-8375 | Fax: (303) 713-6202 |
| Email: keith@killianlaw.com | Email: jjohnson@hollandhart.com |
| damon@killianlaw.com | akyatsko@hollandhart.com |

6258852_1