IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03341-LTB-MJW

EUGENE FOSTER and
ROBERT FISK,

Plaintiffs,

v.

MOUNTAIN COAL COMPANY, L.L.C.,
ARCH WESTERN RESOURCES, L.L.C., and
ARCH COAL, INC.,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendants' Motion to Compel Deposition Testimony (Robert Fisk), for Sanctions, and to Postpone Summary Judgment Deadline (Docket No. 34) is STRICKEN AS MOOT . Defendants' have filed Defendants' Revised Motion to Compel Deposition Testimony (Robert Fisk), for Sanction, and to Postpone Summary Judgment Deadline (Docket No. 37) which supercedes Docket No. 34.

It is FURTHER ORDERED that Defendants' Revised Motion to Compel Deposition Testimony (Robert Fisk), for Sanction, and to Postpone Summary Judgment Deadline (Docket No. 37) is GRANTED for the following reasons. The two questions that plaintiff Robert Fisk refused to answer during his deposition on August 7, 2013, which are the subject matter of this motion (Docket No. 37), are:

(1) Whether he (Robert Fisk) had talked with an attorney regarding the Severance Agreement between July 5 and July 12 (the deadline for revocation of his execution of the agreement); and

(2) Whether he (Robert Fisk) had discussed the Severance Agreement with his worker's compensation attorney, David Mueller, at any time on or before July 12.

As to both questions (1) and (2) above, this court finds that neither question is privileged under the attorney-client privilege. The form of each of these questions calls for a "yes" or "no" response and does implicate a confidential communication between plaintiff Robert Fisk and his attorney(s). See In re Wilerkerson, 393 B.R. 734, 743

(Bankr. D. Colo. 2007) (finding that to the extent billing statements contain nothing more than general descriptions of issues discussed, without revealing the substance of those discussions, they are not privileged); In re Chevron Corp., 2010 WL 9545704, at *1 (D.N.M. Sept. 13, 2010) (finding that the privilege does not protect facts surrounding the lawyer's retention); In re Grand Jury Subpoena to Kan. City Bd. of Pub. Utils., 246 F.R.D. 673, 679 (D. Kan. 2007) (finding that "acts and services performed by an attorney during the course of the representation are not within the privilege because they are not communications"); In re Gibco, Inc., 185 F.R.D. 296, 299 (D. Colo. 1997) ("Generally, information on an attorney's billing statement which shows the fee amount, the general nature of the services performed, and the case on which the services were performed is not privileged.").

It is FURTHER ORDERED that the parties shall reset the continued deposition of plaintiff Robert Fisk. At this continued deposition, defendants may ask plaintiff Robert Fisk those two questions listed above, and plaintiff Robert Fisk shall answer both of these questions and any necessary follow-up questions. However, plaintiff Robert Fisk does not waive his right to claim privilege on any of the follow-up questions. Plaintiff Robert Fisk shall pay the reasonable expenses associated with his continued deposition as a sanction pursuant to Fed. R. Civ. P. 37(a)(5)(A). These reasonable expenses shall be limited to the cost for the court reporter and one hour of Defendants' attorney time ONLY. Plaintiff Robert Fisk shall pay such reasonable expenses, as listed above, to Defendants within 15 days after his continued deposition date.

It is FURTHER ORDERED that the deadline for filing a motion for summary judgment as to the enforceability of plaintiff Robert Fisk's release is extended to 30 days after this motion (Docket No. 37) is resolved by this court, including any appeals that may be taken by either party pursuant to Fed. R. Civ. P. 72(a).

Date: October 16, 2013