IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03341-LTB-MJW

EUGENE FOSTER and
ROBERT FISK,

Plaintiffs,

v.

MOUNTAIN COAL COMPANY, L.L.C.,
ARCH WESTERN RESOURCES, L.L.C., and
ARCH COAL, INC.,

Defendants.

**RECOMMENDATION AND ORDER ON
JOINT UNOPPOSED MOTION FOR SEPARATE TRIALS AND TO AMEND
SCHEDULING ORDER DEADLINES
(Docket No. 61)**

MICHAEL J. WATANABE
United States Magistrate Judge

This case is before this court pursuant to an Order Referring Case (Docket No. 15) issued by Judge Lewis T. Babcock on April 29, 2013.

Now before the court for an order and for a report and recommendation is the Joint Unopposed Motion for Separate Trials and to Amend Scheduling Order Deadlines (Docket No. 61). The court has carefully considered the subject motion (Docket No. 61). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, orders, and recommendations.

This matter, initiated on December 26, 2012, involves disability discrimination

2

claims asserted by plaintiff Eugene Foster, and age and disability claims asserted by plaintiff Robert Fisk. On June 13, 2013, this court entered a Scheduling Order (Docket No. 26) wherein it was noted that the enforceability of Fisk's severance agreement was a threshold issue. Accordingly, it was ordered that the parties would initially conduct limited discovery on the enforceability issue. Discovery on the merit's of Fisk's claims would not proceed until a determination was made on the enforceability issue. Meanwhile, discovery would proceed normally as to Foster's claims.

On November 15, 2013, defendants filed their Motion for Summary Judgment (Docket No. 45) regarding the enforceability of Fisk's severance agreement. Plaintiffs' response (Docket No. 52) was filed on December 16, 2013, and defendants' reply (Docket No. 54) was filed on January 7, 2014. The motion is currently before Judge Babcock for ruling.

The parties now move for separate trials for Foster's and Fisk's claims, and to amend the Scheduling Order (Docket No. 26) to extend certain deadlines as to Foster's claims. Currently, as to both plaintiffs, the discovery cut-off date is June 17, 2014, the dispositive motions deadline is July 18, 2014, the final pretrial conference is set for September 22, 2014, and trial is set to begin on March 2, 2015. The parties seek to move forward with Foster's claims, extending certain deadlines but maintaining the March 2, 2015 trial date. The parties further seek to wait for a ruling on the Motion for Summary Judgment (Docket No. 45), and then assuming the motion is denied, proceed with discovery on the merits of Fisk's claim with new deadlines and a separate trial date.

Based on a conversation with Judge Babcock's chambers, the court has been informed that the parties can anticipate a ruling by Judge Babcock on the Motion for

3

Summary Judgment (Docket No. 45) by the middle of May 2014. With this in mind, the court does not find good cause for separate trials.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). "District courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1285 (10th Cir. 1999) (internal quotations omitted). Bifurcation is appropriate if the court finds that it will: 1) avoid prejudice; 2) be more convenient; or 3) be conducive to expedition and economy. King v. McKillop, 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000).

Here, in view of the fact that Judge Babcock will soon enter an order on the Motion for Summary Judgment (Docket No. 45), the court finds that separate trials would not be convenient, nor would it be conducive to expedition and economy. The court recognizes, however, that the parties will need additional time to conduct discovery on the merits of Fisk's claims. For this reason, the court finds good cause for the deadline extensions sought by the parties. The parties may later seek to extend the deadlines further if they show good cause to do so.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Joint Unopposed Motion for Separate Trials and to Amend Scheduling Order Deadlines (Docket No. 61) be **DENIED** as to the parties'

4

request for separate trials. It is further

ORDERED that the Joint Unopposed Motion for Separate Trials and to Amend Scheduling Order Deadlines (Docket No. 61) is **GRANTED** as to the parties' request to extend certain deadlines. The Final Pretrial Conference set for September 22, 2014 at 11:00 a.m. is **VACATED**. The Final Pretrial Conference is **RESET** for October 27, 2014 at 9:00 a.m. The Scheduling Order (Docket No. 26) is amended as follows:

Expert disclosures: June 16, 2014;

Rebuttal expert disclosures: July 30, 2014;

Discovery cut-off (fact witnesses): July 31, 2014;

Discovery cut-off (expert witnesses): August 29, 2014; and

Dispositive motions deadline: September 19, 2014.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

5

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 16, 2014                              s/ Michael J. Watanabe
      Denver, Colorado                       Michael J. Watanabe
                                                        United States Magistrate Judge