IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 12-cv-03341-LTB-MJW

EUGENE FOSTER and
ROBERT FISK,

      Plaintiffs,

v.

MOUNTAIN COAL COMPANY, LLC,
ARCH WESTERN RESOURCES, LLC, and
ARCH COAL, INC.,

      Defendants.

_____

# ORDER

_____

      This matter is before me Plaintiff Eugene Foster's Motion to Review Clerk's Taxation of Costs [Doc. # 113]. For the following reasons, I **GRANT IN PART AND DENY IN PART** the motion and reduce the taxation of costs by $50.00.

## I. Background

      The Court granted summary judgment to Defendants on Mr. Foster's claims and awarded them their costs as the prevailing parties. Doc. # 103; Fed. R. Civ. P. 54(d). Defendants proposed $15,297.83 in costs. Doc. # 105. The Clerk disallowed certain items upon Mr. Foster's objections and taxed $9,847.83 against him. Doc. # 109. Mr. Foster argues that the Clerk erred in taxing $2,362.40 paid to Western Forensic Video in connection with video depositions of witnesses Kathy Linnell, Dr. Thomas Dwyer, Dr. Dory Funk, and Dr. James Gebhard. Exs. G & H to Proposed Bill of Costs [Docs. # 105-8, 105-9]. Mr. Foster does not

dispute that it was necessary to take these depositions, but argues that it was improper to tax costs for videotaping them because they were also stenographically transcribed.  Mr. Foster also contends that $347.40 of the videographer's costs, for what he calls "ancillary" items—"mileage," "drive time," and a "DVD conversion"—are not taxable in any event.

## II.  Law

As relevant here, a court may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Costs associated with obtaining deposition transcripts may be taxed if they appeared "reasonably necessary" to the litigation of the case at the time they were incurred.  *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).  Costs need not be "strictly essential" to be taxed.  *Id.* "This standard recognizes that caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation, including the possibility of trial."  *Id.* (internal quotations and citation omitted).  Costs incurred solely for the "convenience of counsel," however, are not recoverable.  *Id.* at 1147.

In *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997), the Tenth Circuit recognized that "costs associated with videotaping a deposition are taxable" and "that in most cases, a stenographic transcript of a videotaped deposition will be 'necessarily obtained for use in the case.'"  *Id.* at 1477-78.  The court reached this conclusion "under the reasoning" of *Meredith v. Schreiner Transport, Inc.*, 814 F. Supp. 1004 (D. Kan. 1993).  *Meredith* concluded that both a stenographic transcript and a videotape of a deposition are "necessarily obtained for use in the case" where the transcript has "a legitimate use independent from or in addition to the videotape."  *Id.* at 1006.  The court noted that both means of recording have advantages; while it

is easier for the trier of fact to assess an absent witness's credibility from a videotape, transcripts are useful in the event of technical problems with the videotape and are easier for courts to use in deciding issues involving deposition testimony. *Id.* The court concluded that "the better practice is to allow the costs of both videotaped and stenographic depositions, absent some good reason not to do so." *Id.*

### III. Analysis

Mr. Foster does not dispute that the costs associated with stenographic transcription of the depositions in question are taxable. It is undisputed that the transcripts were useful to the parties in briefing Defendants' summary judgment motion and to the Court in deciding that motion. Mr. Foster argues, however, that Defendants have the burden of offering specific reasons why each deposition was videotaped in order to recover the costs associated with videotaping. He contends that videotaping was unnecessary because the witnesses reside in Colorado and thus could have been subpoenaed to provide live testimony at trial. Defendants respond that they intended to have the videotapes available at trial for impeachment purposes. Mr. Foster replies that the witnesses were neutral and unlikely to provide contradictory testimony at trial such that impeachment would be necessary. He also notes that the testimony of the three doctors was likely to be consistent with medical records they authored. For these reasons, he argues that stenographic transcripts would have sufficed.

Mr. Foster's arguments are not persuasive. Under *Tilton*, where a court finds that a deposition was reasonably necessary to the litigation of the case—which is undisputed here—the court should "in most cases" allow costs for both stenographic transcription and videotaping. 115 F.3d at 1478; *see also Meredith,* 814 F. Supp. at 1006 (court should allow costs for both

3

means of recording absent "some good reason not to do so").  With this standard in mind, I find

that Defendants' rationale, that the videotaped depositions would have been useful at trial for

impeachment purposes, is persuasive and is sufficient to show that there was "an independent,

legitimate use" for the videotaped depositions.  *Tilton*, 115 F.3d at 1478 (quoting *Meredith*, 814

F. Supp. at 1006)*; see Davis v. Puritan-Bennett Corp.*, 923 F. Supp. 179, 180 (D. Kan. 1996)

("Depositions introduced into evidence or used at trial for impeachment purposes are considered

reasonably necessary and taxable as costs.") (citing *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537,

1550 (10th Cir. 1987)).  In so finding, I note that it can be difficult to know whether third-party

witnesses are truly "neutral" or will remain so at trial, particularly before taking their

depositions.  *See Williams*, 558 F.3d at 1148 (determination of reasonable necessity made based

on "facts and circumstances at the time the expense was incurred," without the "benefit of

hindsight").

 Mr. Foster's concern that accepting Defendants' justification would mean that

"videotaped deposition costs would become automatic" is misplaced.  Reply at 6 [Doc. # 118].

One of the cases he cites illustrates the distinction between permissible and impermissible costs

in this context.  *See James River Ins. Co. v. Rapid Funding, LLC*, No. 07-CV-01146-CMA-BNB,

2010 WL 965523, at *9 (D. Colo. Mar. 16, 2010), *rev'd and remanded on other grounds*, 658

F.3d 1207 (10th Cir. 2011).  In *James River*, the district court denied the prevailing party, Rapid

Funding, LLC, costs for the video depositions of "Rapid Funding witnesses," including Rapid

Funding's owner, where the only justification Rapid Funding offered for videotaping those

depositions was "to prepare the witnesses" for trial.  *Id.*  The court noted that Rapid Funding

failed to explain why written transcripts were inadequate for this purpose and therefore

concluded that the videotapes were "merely for the convenience of counsel." *Id.* But the court allowed videotaping (and transcription) costs for other depositions, including of the opposing party's employees, where Rapid Funding argued that it intended to use the videotapes to impeach the witnesses if they testified live at trial. *Id.* The court noted that "impeachment is a reasonable litigation strategy and cannot be considered simply for counsel's convenience." *Id.* As this case recognizes, videotaping costs incurred solely for the convenience of counsel are not taxable. But those reasonably incurred to "prepare for all contingencies which may arise during the course of litigation"—even if not "strictly essential"—may be taxable. *Williams*, 558 F.3d at 1148 (internal quotations and citation omitted). Accordingly, I will not second-guess Defendants' decision to videotape the depositions in question, which was reasonable in light of the possibility that they would need to impeach the witnesses at trial. I therefore conclude that the videotaped depositions were reasonably necessary and that the Clerk did not err in taxing costs associated with them.

I must still determine, however, whether the videographer's $347.40 in charges for "mileage," "drive time," and a "DVD conversion" are taxable. As noted, costs "associated with" videotaping a deposition may be taxable. *Tilton*, 115 F.3d at 1477. The mileage and drive time fees are in the nature of so-called appearance fees charged by court reporters, which courts routinely allow. *See MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.,* No. CIV-06-1345-M, 2010 WL 3522375, at *2 (W.D. Okla. Sept. 8, 2010) (allowing "court reporter's attendance fees"), *aff'd,* 468 F. App'x 816 (10th Cir. 2012); *Anderson v. Van Pelt*, No. 09-CV-00704-CMA-KMT, 2013 WL 856508, at *7 (D. Colo. Mar. 7, 2013) (allowing appearance fees); *see also, e.g., Oyarzo v. Tuolumne Fire Dist.*, No. 1:11-cv-01271-SAB, 2014

WL 1757217 (E.D. Cal. Apr. 30, 2014) (allowing "attendance and mileage fees" because they "are associated with the court reporter's fees and are therefore necessarily incurred to obtain the transcripts").  As Defendants note, they "could not have taken [the] video depositions without paying the [videographer] to attend."  Resp. at 7 [Doc. # 117].  Indeed, Mr. Foster has not objected to the appearance fees of the stenographic court reporters who appeared at the depositions in question.  *See* Exs. F & I to Proposed Bill of Costs [Docs. # 105-7, 105-10].  Therefore, I conclude that the mileage and drive time fees are costs associated with videotaping the depositions and are taxable.

The same is not true of the $50.00 DVD conversion fee.  Defendants state that this fee was for "conversion of Dr. Gebhard's video deposition into a DVD" and that "Defendants should not be penalized simply because the court reporter itemized this step, which was necessary to creating a usable video deposition."  Resp. at 6 n.3 [Doc. # 117].  But Defendants have not explained why conversion from the original format to a DVD was necessary for the video deposition to be usable.  Nor have they explained why no such fee was charged for the other three depositions, which were apparently recorded by the same videographer.  *Compare* Ex. G to Proposed Bill of Costs [Doc. # 105-8], *to* Ex. H to *id.* [Doc. # 105-9].  Without such information, I can only conclude that the fee was incurred primarily for the convenience of counsel and, accordingly, is not taxable.  *See Williams*, 558 F.3d at 1147.  *Cf. Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1080 (D. Kan. 2005) (disallowing court reporter's charges for "ASCII disks" because they are "for the convenience of counsel").  Therefore, the Clerk's taxation of costs will be reduced by $50.00.

### IV.  Conclusion

Therefore, it is **ORDERED** that Mr. Foster's Motion to Review Clerk's Taxation of Costs [Doc. # 113] is **GRANTED IN PART AND DENIED IN PART**.  The Clerk shall tax costs in the amount of $9,797.83, rather than $9,847.83.

Dated: July 23, 2015, at Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE